UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **ISMAEL VIEIRA ROCHA #A216-979-497** | **CASE NO. 1:25-CV-02147 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SHAD RICE ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### MEMORANDUM ORDER

Before the court is a Motion for Temporary Restraining Order [doc. 2] filed by petitioner Ismael Vieira Rocha in connection with his pending habeas petition under 28 U.S.C. § 2241. Petitioner is a Brazilian national who was previously removed from this country in 2021. He reentered the United States illegally in 2023 and has remained here under an order of supervision. Doc. 1, pp. 2–3; *see* doc. 1, att. 2. On December 11, 2025, he alleges, his supervision was revoked and he was taken into custody by Immigration and Customs Enforcement ("ICE"). Doc. 1, p. 2; doc. 2, p. 5. He is now detained at the Central Louisiana ICE Processing Center in Jena, Louisiana, facing imminent removal. He has filed a habeas petition in this court, challenging the revocation of his supervision as well as his removability in the absence of any final order from the immigration judge. Doc. 1, *passim*. Petitioner also moves for a temporary restraining order, asserting that his removal is scheduled to take place as soon as the following day and that he is entitled to a stay of deportation and any further transfers to other ICE facilities pending a decision on his habeas petition. Doc. 2.

A party seeking a temporary restraining order or preliminary injunction must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of immediate and irreparable harm for which it has no adequate remedy at law; (3) that greater injury will result from denying the temporary restraining order than if it is granted; and (4) that a temporary restraining order will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013). Petitioner maintains that he can satisfy the first prong because "[m]ultiple district courts within this appellate circuit have recognized that a noncitizen released under an Order of Supervision possesses a protectable liberty interest in continued freedom" and that there is a substantial likelihood of success on the merits when they are re-detained without a material change in circumstances. Doc. 2, p. 5. But, as he admits, an Order of Supervision may be revoked when appropriate to enforce a removal order. *Villanueva v. Tate*, __ F.Supp.3d __, 2025 WL 2774610, at *2 (S.D. Tex. Sep. 26, 2025) (citing 8 C.F.R. § 241.4(*l*)(2)(iii)); *see also Ladak v. Noem*, __ F.Supp.3d __, 2025 WL 3764016, at *4–*5 (N.D. Tex. Dec. 30, 2025) (respondents had statutory authority to re-detain petitioner on order of supervision in order to effectuate his removal).

Petitioner contends that he does not know the status of any order governing his removability, and that "the record maintained by DHS is unclear whether [his prior removal] was effectuated under the expedited removal provisions of § 235(b)(1) of the [INA] or pursuant to a final order of removal proceedings under INA § 240." Doc. 1, p. 3; *see id.* at § 27. The habeas petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must

satisfy his burden of proof by a preponderance of the evidence." *Villanueva*, supra, __ F.Supp.3d __, 2025 WL 2774610, at *4 (quoting *Skafturos v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) and citing *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976)). If petitioner has concerns as to the status of his removal order, it is his duty to produce same. The bare allegations he has raised are insufficient to show a likelihood of success on the merits. They also contradict his claim of due process violations based on ICE's alleged failure to follow procedural steps in revoking his supervision.[1] Accordingly, he is not entitled to a temporary restraining order and **IT IS ORDERED** that the Motion [doc. 2] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 31st day of December, 2025.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[1] Petitioner admits that he was given a document to sign at or around the time he was taken into custody relating to his deportation, which he refused. Doc. 1, ¶ 58. This points to the revocation of his supervision pending enforcement of a removal order. *Cf. Marquez-Amaya v. Thompson*, 2025 WL 3654327, at *5 (W.D. Tex. Dec. 15, 2025) (granting habeas relief to petitioner on supervision who was taken into custody, without explanation or removal plan). It also appears to satisfy the notice requirements for revocation. To the extent petitioner was deprived of an informal interview and limited opportunity to respond, as set forth under 8 C.F.R. § 241.4(1) or 8 C.F.R. § 241.13(i)(3), he has now had that opportunity through his habeas petition and fails to show any basis on which this court would question his removability—he has admitted to illegally reentering the country two years ago, after a prior removal. Moreover, even if the error were harmful, a writ of habeas corpus is not the appropriate remedy for the denial of these procedural steps. *Nguyen v. Noem*, 797 F.Supp.3d 651, 663–64 (N.D. Tex. 2025).